**Roland J. STEINLE, Jr., Plaintiff,**

v.

**Robert W. WARREN and Herbert Krusche, Defendants.**

**Civ. No. 83–C–1840.**

United States District Court,
E.D. Wisconsin.

April 25, 1984.

Roland J. Steinle, Cedarburg, Wis., pro se.

James P. Brody and Thomas L. Shriner, Jr., Foley & Lardner, Milwaukee, Wis., for defendant Robert W. Warren.

David W. Neeb, Davis, Kuelthau, Vergeront, Stover, Werner & Goodland, Milwaukee, Wis., for defendant Herbert Krusche.

## ORDER GRANTING SUMMARY JUDGMENT

DEVITT, District Judge, Sitting by Designation.

In this civil rights action by a Wisconsin attorney against United States District Judge Robert W. Warren and Herbert Krusche, a one-time employee of the Wisconsin Attorney General's Office during Warren's incumbency of that office, it is claimed that Krusche, with Warren's knowledge and consent, made illegal entry into plaintiff's Milwaukee law office in 1969 to remove one of plaintiff's confidential office files, thus depriving plaintiff of his constitutional rights. Defendants deny all claims and assert that, in addition, the statute of limitations has long since barred maintenance of the action.

The action was started under 42 U.S.C. § 1983 in Wisconsin circuit court on August 24, 1983 and later removed to this court by defendants under 28 U.S.C. §§ 1441 and 1442. Because the action involved a United States District Judge sitting in this district, the Chief Justice of the United States designated the undersigned to handle the case under authority of 28 U.S.C. § 294(d).

■ The depositions of plaintiff Steinle and of defendants Warren and Krusche have been taken. Affidavits have been filed. Defendants have moved for summary judgment. Briefs have been lodged by both sides; oral argument was offered but declined.

On the basis of the pleadings, depositions, affidavits and all material of record, the court is fully satisfied that there is no genuine issue as to any material fact, that plaintiff's claims are without merit, and that defendants are entitled to judgment as a matter of law. Fed.Rule of Civil Procedure 56(c).

Defendants argue that Steinle's complaint is both meritless and time-barred. Warren and Krusche have filed affidavits categorically denying any knowledge, participation in or consent to a break-in of Steinle's office. Steinle admits that he has no personal knowledge of the alleged break-in. He was never aware that any files were ever removed from his office. His sole basis for believing a break-in occurred are accusations made by one John Forbes, a long-time acquaintance and former client of Steinle's who is categorized in defendants' briefs as a "professional burglar and safe cracker."[1] In 1971 Forbes told Steinle that he had broken into Steinle's office at the request of defendant Krusche in either 1969 or 1970. Krusche acknowledges that he knew John Forbes and on occasion worked with him in criminal investigations. Krusche denies that he ever asked Forbes to break into Steinle's office. Krusche states that in 1972, when he first learned that Steinle had accused him of breaking into Steinle's office, he had the accusation reported to his superior for purposes of investigation. As a result, Frank A. Meyers, the Director of Operations of the Division of Criminal Investigation of the Wisconsin Department of Justice, directed an agent to contact Steinle

---

**1.** According to Steinle, "Forbes is very friendly to me. He would be a very biased and prejudiced witness, and I would be the first one to tell you that." (Steinle Dep. p. 90.)

and check out his accusations. In January 1973 Steinle was contacted over the phone by an agent of the Division of Criminal Investigation. The agent reported that Steinle said he had evidence but he did not want to make a complaint and chose to do nothing about the alleged break-in at that time.

Steinle has produced no evidence in opposition to Warren's and Krusche's affidavits that create genuine issues of fact. Nothing Steinle has said or produced shows that Warren was in any way personally responsible for Krusche's inferred instigation of the alleged break-in of Steinle's office. *See Wellman v. Faulkner*, 715 F.2d 269, 275 (7th Cir.1983). Likewise Forbes' dubious accusations do not controvert Krusche's affidavit to create genuine issues of material fact. In order to withstand a motion for summary judgment, an opponent of the motion must present "evidence or statements that would be admissible at a trial and having probative force." *First National Bank Co. v. Insurance Co. of North America*, 606 F.2d 760, 766 (7th Cir.1979). We find that, on the merits, defendants are entitled to summary judgment as a matter of law.

In addition, Steinle's complaint is time-barred. The limitation period for claims under 42 U.S.C. § 1983 is the state law limitation period for state law claims most analogous to the federal claim. *Board of Regents v. Tomanio*, 446 U.S. 478, 483–87, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980). As defendants point out, the longest applicable limitation period under analogous Wisconsin law is six years. *See* Wis.Stat. §§ 893.51, .52, .53, .93(1)(a). According to Forbes, the break-in occurred in 1969 or 1970. Steinle says Forbes told him about the break-in in 1971. Steinle admitted under oath that he had all the information on which to base this lawsuit no later than November 1971.

Thus, measuring from the date that Steinle says he first learned of the break-in, Steinle had until November 1977 to commence his § 1983 claim. Steinle, however, argues that Warren and Krusche have concealed the facts of the break-in from the very beginning and that the limitation period therefore has been tolled. Steinle relies on *Bell v. City of Milwaukee*, 514 F.Supp. 1363 (E.D.Wis.1981), for his theory of fraudulent concealment of a § 1983 claim. The *Bell* case is distinguishable on its facts and is inapposite. Contrary to the statement in his complaint that it was not until 1983 that he obtained evidence of the break-in, Steinle deposed that he learned all about the alleged break-in from Forbes no later than 1971. Steinle learned nothing new about it in 1983.

Once Steinle learned of the break-in he knew he had a cause of action and his right to legal redress could not be "concealed" from him. Despite his knowledge of the alleged break-in, Steinle would urge that as long as Warren and Krusche denied their involvement in the break-in, his § 1983 claim would never be barred. But that is not the law.

Steinle's own admissions reveal that his lawsuit was commenced not to recover damages for alleged violations of his civil rights, but as a last ditch effort to force Judge Warren's recusal under 28 U.S.C. § 455(a) in the then pending criminal case of *U.S. v. Balistrieri* involving one of Steinle's clients. Steinle's own statements expose the frivolousness of this lawsuit. Plaintiff's claims are without merit and are time-barred.